of the State's evidence and renewed at the close of all the evidence. In our opinion, the evidence was sufficient to take the case to the jury. This assignment of error is overruled.

No prejudicial error has been made to appear that in our opinion would justify the granting of a new trial.

No error.

### LEWIS A. SHINN v. ETHEL WILLEFORD SHINN.

(Filed 23 November, 1960.)

APPEAL by plaintiff from *Preyer, J.,* August 1960 Term, CABARRUS Superior Court.

Civil action instituted by the plaintiff on July 12, 1960, for absolute divorce on the grounds of more than two years separation. The complaint alleged the residence of the parties, their marriage on November 22, 1923, the birth of three children, all of whom are now of age, the separation of the parties in 1944 or 1945.

After the service of process on the defendant, Ethel Willeford Shinn, her physician, Dr. F. Lee Nance, made an affidavit that the defendant was, and has been since 1958, suffering from multiple sclerosis and diabetes mellitus from which she is "progressively going downhill . . . In my opinion Mrs. Shinn is neither physically nor mentally capable of defending an action against her in any court. It is doubtful whether she could physically attend court." Upon this affidavit the clerk superior court made an order appointing Katherine Shinn Barringer as guardian *ad litem* to defend the action.

The guardian *ad litem* filed answer in which she alleged: (1) The plaintiff abandoned the defendant in 1945 and since that time has failed and refused to provide the defendant with any support whatever. (2) The plaintiff is able-bodied and regularly employed and amply able to support the defendant. The guardian *ad litem,* in behalf of her ward, asked the court to allow temporary alimony and counsel fees and, after hearing, to make a permanent award.

The plaintiff filed a reply to the claim of alimony, counsel fees, etc., denied the material allegations, and entered a plea of the three-years and ten-years statutes of limitations in bar of the claim.

The court, after notice and hearing, awarded alimony *pendente*

*lite* and counsel fees. From this order the plaintiff prosecutes this appeal.

*B. W. Blackwelder, for plaintiff, appellant.*
*Bedford W. Black and James E. Roberts, by James E. Roberts, for defendant, appellee.*

PER CURIAM. The superior court, after notice and hearing, entered an order allowing alimony *pendente lite* and counsel fees. The showing was sufficient to support the order. Other questions must await the final hearing.

Affirmed.

## STATE v. CLARENCE PUGH.

### (Filed 23 November, 1960.)

APPEAL by defendant from *Burgwyn, E. J.,* at May-June 1960 Term, of LEE.

Criminal prosecution upon a bill of indictment charging defendant Clarence Pugh with murder in the first degree of one Charles Otis Nodine.

Plea: Not guilty.

Upon former trial, upon evidence offered by the State, the jury returned a verdict of guilty of the felony and murder in the manner and form as charged in the bill of indictment, pursuant to which the court pronounced judgment of death by inhalation of lethal gas as provided by law. And on appeal to this Court the opinion recites that considering the evidence offered by the State in the light most favorable to the State, it appears sufficient to withstand motion for judgment as of nonsuit, — to the denial of which defendant excepted. However error in the trial was declared and a new trial granted. See *S. v. Pugh,* 250 N.C. 278, 108 S.E. 2d 649.

Pursuant thereto, in due course, the case came on for hearing at the May-June 1960 Term, and again upon arraignment defendant pleaded not guilty. And upon re-trial both the State and defendant offered evidence on which the case was submitted to the jury under the charge of the court. The jury returned a verdict of guilty of the felony and murder in the first degree, and recommended life